**Opinion issued December 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-00885-CV

—————————————

**ROMIE NEAL, Appellant**

**v.**

**SEYED J. HEJAZI AND SEYED P. HEJAZI, Appellees**

---

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2010-30221

---

## MEMORANDUM OPINION

Appellant, Romie Neal, attempts to appeal from the trial court's judgment signed June 8, 2012. Appellant timely filed a motion for new trial on July 3, 2012. *See* TEX. R. CIV. P. 329b(a). Appellant's notice of appeal, which was filed September 17, 2012, is untimely. We dismiss.

When, as here, an appellant has timely filed a motion for new trial, the appellant's notice of appeal must be filed within ninety days after the date the judgment was signed. *See* TEX. R. APP. P. 26.1(a). We may extend the time to file the notice of appeal if, within 15 days after the deadline to file the notice of appeal, the party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Ninety days from June 8, 2012 was September 6, 2012. Appellant filed his notice of appeal on September 17, 2012. Therefore, the notice of appeal was filed beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3. As such, a motion for extension of time may be implied. *See Verburgt*, 959 S.W.2d at 617. Appellant did not, however, offer an explanation for failing to timely file the notice of appeal. *See Jones*, 976 S.W.2d at 677. On September 28, 2012, we notified appellant that this appeal was subject to dismissal for want of jurisdiction if appellant did not

2

provide a reasonable explanation for the untimely filing of the notice of appeal within 10 days of the date of the notice. *See* TEX. R. APP. P. 42.3(a). After being notified that this appeal was subject to dismissal, appellant did not adequately respond. We notified appellant on November 7, 2012 that the appeal was subject to dismissal at any time because appellant had not responded to the September 28, 2012 notice. After being notified a second time that this appeal was subject to dismissal, appellant did not adequately respond.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.